**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rene Eduardo Torres,<br><br>            Petitioner,<br><br>v.<br><br>Mark Gutierrez,<br><br>            Respondent. | No. CV-23-00569-TUC-JCH<br><br>**ORDER** |

       Petitioner Rene Eduardo Torres, proceeding pro se, filed a "Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty)" ("Petition"). Doc. 1. Respondent[1] B. Hudson, Warden for FCI Tucson, filed an Answer. Doc. 9. On May 7, 2024, Magistrate Judge Jacqueline Rateau issued a Report and Recommendation ("R&R) in which she recommend this Court deny the Petition. Doc 11. Petitioner filed an objection to the R&R (Doc. 13), and Respondent filed a response to Petitioner's objection (Doc. 14). For the following reasons, the Court will overrule Petitioner's objections, adopt Judge Rateau's R&R in full, and dismiss the Petition.

**I.    Procedural History**

       The R&R provides a succinct account of the procedural history in this case. Doc. 11 at 2–3.[2] Neither party objected to this portion of the R&R, and the Court will adopt it in its

---

[1] Judge Rateau recommends B. Hudson, the warden for FCI Tucson, be substituted in place of Mark Gutierrez as Respondent, to which Petitioner does not object. Doc. 11 at 1 n.1; *see* Doc. 13 at 1.

[2] All document citations are to CMECF page number.

entirety. As an overview, the procedural history is as follows: Petitioner is serving a 110-month term of imprisonment for possession with intent to distribute 100 or more kilograms of marijuana in violation of federal law. *Id.* at 2; Doc. 9-2 at 23–24. His projected release date from the custody of the Bureau of Prisons ("BOP") is February 7, 2025. *Id.* The First Step Act ("FSA") directs the Bureau to implement reentry initiatives, including programming incentives, good-time credit, and compassionate release. Doc. 9 at 3; 18 U.S.C. §§ 3624(g), 3632. Eligibility criteria and rules for earning and applying time credits are governed by statute and implemented through BOP program statements and policies. Doc. 9-2 at 33–52.

On November 20, 2019, Petitioner became eligible to earn FSA time credits. Doc. 9 at 3. At a program review on July 27, 2023, Petitioner was classified as medium risk for recidivism. *Id.* Due to his medium risk classification, the BOP determined Petitioner is not eligible to have earned time credits applied toward prerelease custody or supervised release. *Id.*

## II.    **Habeas Petition**

On December 20, 2023, Petitioner filed this Petition for a Writ of Habeas Corpus, alleging the BOP wrongfully failed to apply his FSA Time Credits. Doc. 1 at 2. First, Petitioner argues the regulation governing application of FSA time credits, 28 C.F.R. § 523.44, must be set aside because it grants discretionary authority to the BOP when Congress intended application of time credits to be mandatory. Doc. 1 at 4. Second, Petitioner alleges the statutes addressing participation in recidivism reduction programs, 18 U.S.C. §§ 3624 and 3632, use mandatory language but the BOP is improperly treating them as discretionary. Doc. 1 at 5. Petitioner requests the Court (1) set aside 28 C.F.R. 523.44 and (2) direct that his FSA credits be applied. Doc. 1 at 9.

Respondent issued a general denial of Petitioner's allegations. Doc. 9. Respondent further requests the Court deny the Petition on the grounds that: (1) Petitioner did not exhaust available administrative remedies before filing suit; (2) the Court lacks subject matter jurisdiction to review the BOP's determination of FSA time credits; (3) Petitioner

lacks standing, and the Court lacks authority to compel discretionary BOP action; (4) Petitioner has no liberty interest in having his time credits applied for early release; and (5) the BOP correctly calculated Petitioner's sentence. *Id.*; Doc. 11 at 3.

On April 12, 2024, Petitioner filed a reply, conceding he did not exhaust his administrative remedies, but alleging the futility exception to exhaustion of administrative remedies applies. Doc. 10 at 1. Petitioner also asserts the Court has jurisdiction to hear this Petition under 28 U.S.C. § 2241. *Id.* Petitioner argues that the BOP unlawfully withheld FSA time credits by replacing the mandatory "shall" language of 18 U.S.C. § 3632(d)(4)(A), (C) with discretionary "may" language in 28 C.F.R. § 523.44(b), and that inmates with medium or high recidivism scores should be processed under § 3624(g) as directed by § 3632(d)(4)(C). Doc. 10 at 2.

This matter was referred to Magistrate Judge Jacqueline Rateau for an R&R. Doc. 4. The R&R recommends the District Court deny the Petition because Petitioner is not entitled to the relief he seeks. Doc. 11 at 15.

### III.  R&R Standard of Review

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all ... of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Some of Petitioner's objections are general in nature. Rule 72 requires more precision. The party seeking de novo review must provide "*specific* written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2) (emphasis added). The clear purpose of this requirement is judicial economy—to permit magistrate judges to resolve matters not objectionable to the parties. *See Thomas*, 474 U.S. at 149. Because de novo review of the entire R&R would defeat the efficiencies intended by Congress and Rule 72, a general objection has the same effect as a failure to

object. *Warling v. Ryan*, No. CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013); *Eagleman v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *5 (D. Ariz. Dec. 20, 2019). As a result, the Court will adopt the portions of the R&R to which Petitioner makes no objection ("Petitioner does not object to Pages 1–9 of the R&R at all," Doc. 13 at 1) or only general objections ("on Page 10–16 the R&R's conclusions on the merits are incorrectly drawn," *Id.*). The Court will conduct a de novo review of Petitioner's specific objections.

**IV.   Analysis**

The Petition was filed under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody. Section 2241 allows individuals in custody to petition the Court to determine whether their detention is lawful. Petitioner alleges his sentence is unlawful because the BOP refuses to apply his FSA time credits. *See* Doc. 1.

**A.  First Objection – General/Specific Canon**

Petitioner first argues the R&R's conclusion is fundamentally flawed because the R&R failed to consider the general/specific canon of statutory interpretation. Doc. 13 at 1. Petitioner argues 18 U.S.C. § 3632(d)(4)(A), (C) is the "specific" canon that "directly govern[s]" and modifies § 3624(g). Doc. 13 at 1.

Under the general/specific canon, if there is a conflict between a general provision and a specific provision, the specific provision prevails. *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012). To eliminate a contradiction in statute, the specific provision is "construed as an exception to the general one." *Id.*

The R&R did not address the general/specific canon of statutory interpretation because there is no conflict between the statutes at issue here. Subsection A of § 3632(d)(4) dictates the circumstances for prisoners to *earn* FSA time credits, while subsection C dictates the circumstances for prisoners to have FSA time credits *applied* for transfer into prerelease custody or supervised release. Subsection C expressly incorporates the eligibility requirements of § 3624(g) for the application of time credits to transfer prisoners into prerelease custody or supervised release. Although § 3632(d)(4)(C) uses "shall," the

application of time credits is still subject to discretionary eligibility requirements. Thus, 28 C.F.R. § 523.44 accurately uses "may" to reflect the BOP's discretion in applying these credits.

### B. Second Objection – Liberty Interest in FSA Credits

Petitioner objects to the R&R's finding that the "shall" language in 18 U.S.C. § 3632 does not create a liberty interest in Petitioner's FSA credits.[3] Doc. 13 at 1.

The R&R analyzed whether a liberty interest exists for Petitioner to seek relief. Doc. 11 at 10–11. The R&R concluded that discretionary authority cannot give rise to a liberty interest, and that Petitioner has no right to dictate his earned FSA time credits be applied in a specific way. *Id.*

As explained above, the "shall" language in § 3632(d)(4)(C) is coupled with an explicit incorporation of § 3624(g)'s eligibility requirements. Thus, under § 3624(g), the BOP has discretion to determine a prisoner's eligibility for prerelease custody or supervised release if that prisoner is not classified as minimum or low risk to recidivate. "When a statute confers discretion on government action, no liberty interest is created." Doc. 11 at 10 (citing *Olin v. Wakinekona*, 461 U.S. 238, 249 (1983), and collecting cases).

Under § 3624(g), a prisoner must be either categorized as minimum or low risk to recidivate, or approved by the warden subject to certain conditions. Petitioner does not dispute that he is classified as medium risk for recidivism. Doc. 11 at 2; Doc. 13 at 1. Neither does Petitioner allege the warden approved application of his FSA time credits under the § 3624(g) criteria. *See generally* Doc. 1. Based on Petitioner's medium risk classification, the application of earned FSA time credits is discretionary under § 3624(g)'s eligibility criteria. Thus, Petitioner does not have a liberty interest in his earned FSA time credits.

///

---

[3] In support, Petitioner argues *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973), holds that statutory elements using "shall" language do create a liberty interest. Doc. 13 at 1. Although the facts of *Preiser* involve the denial of good-time credits, the crux of the case is whether habeas corpus proceedings are the appropriate avenue to challenge denial of such credits. 411 U.S. at 487. *Preiser* says nothing about "shall" language in a statute creating a liberty interest. *See generally, id.*

- 5 -

### C. Third Objection – District Court Authority to Compel BOP Action

Petitioner objects to the R&R's finding that the Court has authority to hear this action but lacks authority to compel the BOP to apply the FSA time credits. Doc. 13 at 1. The R&R found the Court lacks authority to compel the BOP to perform a discretionary action and that Petitioner's request to compel application of FSA time credits is meritless. Doc. 11 at 11–15.

Under 28 U.S.C. § 2243, the Court has subject matter jurisdiction to conduct habeas corpus proceedings when prisoners allege unlawful physical restraint—including detention beyond their lawful release date. *Preiser*, 411 U.S. at 485–87. Thus, the Court has authority to conduct these habeas proceedings.

But the Court's power is limited. Courts have authority to compel mandatory but not discretionary agency action. *See Reeb v. Thomas*, 636 F.3d 1224, 1226–27 (9th Cir. 2011). The decision to allow an inmate to serve the final phase of their sentence outside of formal prison custody is subject to the discretion of the BOP. *Thigpen v. Heisner*, 2024 WL 1705256, *3 (D. Ariz. Mar. 4, 2024), *report and recommendation adopted*, 2024 WL 1702275 (D. Ariz. Apr. 19, 2024). Although an inmate's FSA time credits might "move up" the date of consideration for prerelease custody, it is within the BOP's discretion whether to grant prerelease custody to an inmate who is not at minimum or low risk of recidivism. *Id.* at *2–3. The BOP's decisions regarding designation and placement, including granting home confinement, are not subject to review by the district court. *Id.* at *3 (collecting cases). Thus, the Court cannot compel the BOP to perform the discretionary action of deeming Petitioner eligible under § 3624(g).

### D. Petitioner's Additional Authorities

Petitioner argues the R&R improperly focused on distinguishing the facts in *Jones v. Engleman*, 2022 WL 6563744 (C.D. Cal. Sept. 7, 2022), *report and recommendation accepted in part and rejected in part*, 2022 WL 6445565 (C.D. Cal. Oct. 7, 2022), and *Pers. Doe v. Fed. Bureau of Prisons*, 2024 WL 455309 (S.D.N.Y. Feb. 5, 2024), instead of following those courts' application of the FSA statute. Doc. 13 at 1–2. But case holdings

cannot be divorced from their underlying facts. In both cases, the prisoner–petitioners were already *eligible* under § 3624(g) to have their FSA time credits applied; thus, under those circumstances, the BOP has no discretion to deny application of FSA time credits to already-eligible prisoners. *Jones*, 2022 WL 6563744 at *10 ("[U]nder the clear terms of Section 3632(d)(4)(C), a prisoner who has met the four criteria of Section 3624(g) is 'eligible' for early release, 'shall' have his ETCs applied, and 'shall' be transferred to one of two early release options."); *Pers. Doe*, 2024 WL 455309 at *3–4 ("[T]he BOP does not have discretion to impose additional eligibility requirements or refuse to transfer *eligible* prisoners to prerelease custody." (emphasis added)).

Here, Petitioner is *not eligible* under § 3624(g). Thus, he is not entitled to the same outcome as Jones and Pers. Doe. And the same reasoning applies to the cases cited in Petitioner's Notice of Citation to Additional Authorities, filed May 10, 2024. Doc. 12 at 1 (citing *Ramirez v. Phillips*, 2023 U.S. Dist. LEXIS 228778, *5–15 (E.D. Cal. Dec. 22, 2023) (petitioner categorized as low risk was eligible for mandatory application of FSA credits under § 3624(g)), and *Iqbal v. Warden*, 2024 WL 1160071 (E.D. Cal. Mar. 18, 2024) ("application of [FSA credits] to *eligible* prisoners is required, not discretionary" (emphasis added))).

**VI.   Order**

Accordingly,

**IT IS ORDERED** that B. Hudson, the Warden for FCI Tucson, should be substituted as Respondent.

**IT IS FURTHER ORDERED ADOPTING IN FULL** the Report and Recommendation (Doc. 11).

**IT IS FURTHER ORDERED DENYING** the Petition. (Doc. 1). The Clerk of the Court shall enter judgment and close this case.

**IT IS FURTHER ORDERED** under Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists could not "debate whether (or, for that matter,

agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation omitted).

Dated this 12th day of September, 2024.

_____
John C. Hinderaker
United States District Judge